COMMONWEALTH *vs.* TIMOTHY MORRISON.

Suffolk.    November 12, 1973. — December 27, 1973.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Evidence,* Admissions and confessions, Impeachment of witness, Evidence at preliminary hearing. *Error,* Whether error harmful.

Where, at the trial of a criminal case, the prosecutor, on cross-examination of the defendant, was allowed over his objection to ask whether, while he was under arrest, he had heard a conversation in which a statement concerning him was made, and he answered the question in the negative, it was held that, although, being under arrest at the time of the alleged conversation, he would not have been obliged to say anything in order to prevent an admission by silence, and although his answer was not harmful to him, on the record the allowance of the question was error which could not be said to be harmless and required a new trial. [633-635]
At the trial of a criminal case in the Superior Court, it was an improper method of impeachment and a violation of G. L. c. 278, § 23, for the prosecutor on cross-examination to elicit from defense witnesses that they had been present at a probable cause hearing in a District Court but had not testified or told the judge at that hearing about certain matters testified to at the Superior Court trial, and to put certain questions to the defendant from which the jury could have inferred that he had failed to testify or to offer any defense at the District Court hearing. [635-637]

INDICTMENT found and returned in the Superior Court on November 12, 1971.

The case was tried before *Spring,* J.

*Harvey M. Pullman* for the defendant.

*Elizabeth C. Casey,* Special Assistant District Attorney, for the Commonwealth.

HALE, C.J.    The defendant has been convicted of the armed robbery of one James C. Chestnut and sentenced. The case is before us on the defendant's bill of exceptions.

The jury heard testimony to the effect that Chestnut had heard that a woman with whom he had been acquainted was staying at the defendant's apartment. Chestnut, accompanied by one Jonathan Robinson, drove to the apartment. Robinson remained outside while Chestnut went to the apartment and inquired of the defendant if the woman was there. The defendant responded that he would see and invited Chestnut in. Chestnut entered the apartment, whereupon the defendant forced him into a corner at gunpoint and removed sixty dollars from his trouser pocket. The defendant then pushed Chestnut out the door. Chestnut returned to the automobile and related to Robinson what had happened. They crossed the street to a telephone booth and called the police. Detective Barrett, who arrived at the scene in response to the telephone call, testified that he went to the defendant's apartment. The defendant was not there. Detective Barrett returned later that night and saw the defendant, accompanied by one Anderson, run into the apartment. Detective Barrett arrested the defendant, searched him, and found a fully loaded gun on his person.

The defendant, his wife, his eight-year-old son, and one Floretta Morris testified for the defense. Their testimony was to the effect that while the defendant and his wife were out, Morris, who had been staying at the defendant's apartment, arrived there with Chestnut and the two went into a bedroom. Chestnut placed a gun on the dresser in the bedroom. When the defendant and his wife returned they were informed by their son that Chestnut and Morris were in the bedroom. There followed a scene during which Chestnut and Morris were told to get out, which they did. As Morris left the bedroom she took Chestnut's gun from the dresser. She returned to the apartment a few moments later and gave the gun to the defendant, who then left the apartment. The defendant denied robbing Chestnut. Each of the witnesses testified that no robbery had taken place.

The defendant was asked during the course of cross-examination by the assistant district attorney, "Do you recall any conversation where Mr. Anderson said to Detec-

tive Barrett or Detective Montgomery that the reason that you were running was that you saw a police cruiser on that street behind your house?" The defendant's objection to that question was overruled, and an exception was taken. The defendant answered, "No, I don't remember hearing anything like that, no." The Commonwealth argues that the question was proper as the defendant had testified a moment before that he had not run back to his apartment but had run only down the stairs. The matters alluded to in the questions were hearsay and were inadmissible unless it could have been determined not only that the statement had been made, but also that the defendant's silence constituted an adoptive admission. See *Commonwealth* v. *Kenney,* 12 Met. 235, 237 (1847); *Commonwealth* v. *Burke,* 339 Mass. 521, 532 (1959); *Commonwealth* v. *Rembiszewski,* 363 Mass. 311, 315-316 (1973). The short answer to the Commonwealth's argument is that the defendant had been arrested by the officers immediately after their entry into his apartment. The statement attributed to Anderson was necessarily made after the arrest. We are unable to determine from this record if any *Miranda* warning was given, but as he was under arrest, the defendant was under no obligation to say anything, let alone contradict a statement allegedly made in his presence. *Commonwealth* v. *Silvia,* 343 Mass. 130, 137 (1961). *Commonwealth* v. *Freeman,* 352 Mass. 556, 561-564 (1967).

Our opinion is that the question was improper and that it was error to have allowed it over the defendant's objection. See *Commonwealth* v. *Lucas,* 332 Mass. 594, 597 (1955); *United States* v. *Rudolph,* 403 F. 2d 805 (6th Cir. 1968). The answer which the defendant gave was not harmful to his case. Nevertheless we must consider whether it was prejudicial to allow the question itself which contained a statement of facts not in evidence and which in all probability could not have been properly introduced as evidence. *Douglas* v. *Alabama,* 380 U. S. 415, 419 (1965). See *Commonwealth* v. *Homer,* 235 Mass. 526, 534-536 (1920); *Reardon* v. *Boston Elev. Ry.* 311 Mass. 228, 231 (1942); Wigmore, Evidence (3d ed.) § 1808. We note that the

asking of the question was entirely unnecessary as the preceding question, which referred less specifically to the defendant's recollection of hearing Anderson's conversation with the police, drew substantially the same response from the defendant.[1] We need not consider whether the second question was asked by the assistant district attorney unmindful of the prejudicial effect it might have on the jury. In many cases a question such as this would have had no prejudicial effect on the jury and could thus be classified as harmless error. *Commonwealth* v. *Brown,* 150 Mass. 330 (1889). See *Commonwealth* v. *Vaughn,* 329 Mass. 333, 337 (1952). However, the instant case presents the testimony of witnesses for the prosecution on the one hand and the testimony of the defendant and his witnesses on the other hand relating a series of events at odds with that of the prosecution witnesses in every material detail. The jury had the task of determining which of the two groups of witnesses was credible. They had little assistance from circumstantial or other evidence in arriving at their determination. After consideration of the entire record we are unable to conclude that the question could not have contributed to the conviction. *Commonwealth* v. *Anderson,* 245 Mass. 177, 187-188 (1923). *Commonwealth* v. *Stone,* 321 Mass. 471, 474 (1947). The error, therefore, cannot be said to be harmless. *Fahy* v. *Connecticut,* 375 U. S. 85, 86-87 (1963). *Commonwealth* v. *Guerro,* 349 Mass. 277, 282 (1965). This exception must be sustained.

At the trial the assistant district attorney cross-examined the defendant's witnesses as to their presence at the probable cause hearing on this matter held in a District Court. That cross-examination elicited from each witness that the hearing had been before a judge; that the defendant had been represented by an attorney; that the witness had not testified at the District Court hearing; and that the

---

[1] Q: "And did you hear some talk by Mr. Anderson to either Detective Barrett or Detective Montgomery as to the reason that you and Anderson were running down the stairs or running in from the outside of the building into the apartment? Did you hear some talk about that?

A: "I don't recall hearing anything."

witness had not told the judge there about certain matters testified to under direct examination at the Superior Court trial.[2]

At one point the defendant's attorney objected "to this line of questioning." The judge permitted the cross-examination to continue. Although the defendant's exception brings nothing before us,[3] the Commonwealth's contention that this line of questioning was proper makes it likely that the issue will arise again at retrial. Since the case must be retried and the issue has been fully briefed and argued, we feel that we should state our views thereon.

The defendant contends that the admission in evidence of the testimony with respect to the hearing in the District Court was in violation of G. L. c. 278, § 23,[4] and that the revelation to the jury of those facts operated to deny him a fair trial. The Commonwealth argues that § 23 applies only to the disclosure of the fact that the defendant himself did not testify in his own behalf. The Commonwealth further asserts that § 23 should not be interpreted to prevent the Commonwealth from impeaching a witness at a Superior Court trial by showing that the witness was present in District Court and had stood mute while evidence was taken which the witness presumably could contradict.

There are many proper methods of impeachment. See Leach and Liacos, Handbook of Massachusetts Evidence, 112; McCormick, Evidence (2d ed.) Ch. 5. The method employed in this case is not one of them. Two of the questions put to the defendant served no purpose other

---

[2] The defendant's son was not questioned concerning the last matter.

[3] The objection to the "line of questioning," to which an exception was saved, was entered after all of the questions in the "line" had been answered. Even if we were to consider such a broad objection proper, it was not timely made, and the exception therefore brings nothing to this court for review. *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, 99 (1902). *Commonwealth* v. *Geagan*, 339 Mass. 487, 513 (1959).

[4] "At the trial of a criminal case in the superior court, upon indictment or appeal, the fact that the defendant did not testify at the preliminary hearing or trial in the lower court, or that at such hearing or trial he waived examination or did not offer any evidence in his own defence, shall not be used as evidence against him, nor be referred to or commented upon by the prosecuting officer."

than to direct the jury's attention to information obtained through the questioning of the defendant's other witnesses. From that the jury could have inferred that the defendant had failed to testify or to offer any defense in the District Court. It would appear to us that § 23 was violated by the line of questioning pursued by the assistant district attorney.

*Exceptions sustained.*