COMMONWEALTH *vs.* EZELLE J. MCLEOD.

Suffolk. March 3, 1975. — April 25, 1975.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Practice, Criminal,* Exceptions: failure to save exception, Charge to jury. *Evidence,* Alibi.

The record in a criminal case tried under G. L. c. 278, §§ 33A-33G, disclosed no substantial risk of a miscarriage of justice in a refusal by this court to consider assignments of error not based on exceptions taken at the trial. [501-502]

In a criminal trial, instructions to a jury concerning alibi evidence should not ordinarily characterize such evidence as a defense, and where such evidence is singled out for comment and the jury are instructed to subject that evidence to rigid scrutiny they should also be reminded that an alibi may be the only refuge of the innocent. [501-502]

INDICTMENT found and returned in the Superior Court on January 5, 1972.

The case was tried before *Frank E. Smith,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Robert S. Potters* for the defendant.

*John A. Kiernan,* Special Assistant District Attorney, for the Commonwealth.

BRAUCHER, J. The defendant appeals under G. L. c. 278, §§ 33A-33G, from a conviction of armed robbery, claiming error in the exclusion of reputation evidence and in the judge's charge to the jury. We ordered the case transferred from the Appeals Court to this court on our own motion under G. L. c. 211A, § 10 (A). We hold that the errors claimed are not properly presented, and affirm the conviction. We take the occasion, however, to disapprove alibi instructions in the style upheld in *Commonwealth* v. *Webster,* 5 Cush. 295, 319 (1850).

We summarize the testimony. About 4 P.M. on November 5, 1971, the victim was walking on a street in Roxbury, and was pushed into a passageway, beaten and robbed. The victim remembered the defendant as one of the assailants by reason of his remarkable likeness to one of the victim's students, and picked the defendant's photograph out of about 1,000 photographs provided by the police. The defendant's employer testified that the defendant was in his presence between 1 P.M. and 3 P.M. and again between 4:30 P.M. and 7 P.M. on the day of the crime. He also testified that his tenants said the defendant "was very honest on something that he found and returned." The defendant's attempts to elicit other testimony to the defendant's reputation for honesty were unsuccessful, but the only exception taken in this connection was to the judge's remark that a letter from the employer to counsel for the defendant did not contain anything about truth and veracity. The letter is not included in the record before us.

No exception was taken to the judge's charge to the jury, but error is assigned to two portions of the charge. First, as to identification of the defendant by the victim: "What motive did he have to lie? . . . It is for you to say. You can use your common sense and judgment if somebody stuck you up, and you got a look at him, would you ever forget it? It is for you to say." Second, as to alibi evidence: "That is a defense, according to the Supreme Court, which is often brought about by collusion, connivance, and perjury, and subornation of perjury, and a jury is advised to look at it very critically because it is something that can be manufactured, and as you have probably learned by this time in your service here, something that is very commonly manufactured."

The defendant was convicted and sentenced, and he appealed. His exceptions do not bring to us the questions he argues. As to the exclusion of evidence, cf. *Commonwealth* v. *Baker*, 348 Mass. 60, 63-64 (1964); *Commonwealth* v. *Cass*, 358 Mass. 805 (1970). As to the need

for exceptions to the judge's charge, see *Commonwealth v. Myers,* 356 Mass. 343, 346 (1969); *Commonwealth* v. *Foley,* 358 Mass. 233, 236 (1970). The record presents no substantial risk of a miscarriage of justice and no patent or prejudicial error.

We think it appropriate, however, to warn again against the clear error which would be involved if the burden of proof as to alibi evidence were put on the defendant, as was done in *Commonwealth* v. *Webster,* 5 Cush. 295, 319, 324 (1850). See *Commonwealth* v. *Leaster,* 362 Mass. 407, 416-417 (1972), and cases cited. Cf. *Sullivan* v. *Scafati,* 428 F. 2d 1023, 1025-1026 (1st Cir. 1970), cert. den. 400 U. S. 1001 (1971). It is therefore unwise to refer to alibi as a "defense." Indeed, we think it is not ordinarily helpful to single out alibi evidence for subjection to "rigid scrutiny" and the like. If such a charge is given, it should also be pointed out that an alibi may be the only refuge of the innocent. For a charge which avoids these difficulties see Devitt & Blackmar, Federal Jury Practice and Instructions § 11.31 (1970).[1]

*Judgment affirmed.*

---

[1] "Evidence has been introduced tending to establish an alibi, which amounts to a contention that the defendant was not present at the time when or at the place where he is alleged to have committed the offense charged in the indictment. If, after consideration of all the evidence in the case, you have a reasonable doubt as to whether the defendant was present at the time and place the alleged offense was committed, you must acquit him. The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence."