Rescript Opinions.

COMMONWEALTH *vs.* CALVIN SMITH. December 15, 1975. The variations from the supplemental charge approved in *Commonwealth* v. *Rodriquez,* 364 Mass. 87, 101 (1973), which are now complained of appear to have been covered by something said in the original charge, which was given only a few hours earlier and which is not before us. No exception was taken to any portion of the supplemental charge (compare *Commonwealth* v. *Daniels,* 364 Mass. 829 [1973]), and we are not convinced that a "substantial risk of a miscarriage of justice" (*Commonwealth* v. *Freeman,* 352 Mass. 556, 564 [1967]) will result from our refusing to consider the defendant's present complaints. *Commonwealth* v. *Foley,* 358 Mass. 233, 236 (1970). *Commonwealth* v. *Underwood,* 358 Mass. 506, 509-510 (1970). *Commonwealth* v. *O'Neil, ante,* 768 (1975). It strikes us (if the transcript is correct) that the "and" must have been understood by the defendant's trial counsel as an inconsequential slip of the tongue.

*Exceptions overruled.*

*Joan C. Stanley* for the defendant.
*Peter D. Feeherry,* Assistant District Attorney, for the Commonwealth.


COMMONWEALTH *vs.* STANLEY A. JONES. December 17, 1975. After a jury-waived trial on numerous charges involving, among other things, the possession of hypodermic needles and syringes and possession of various Class B controlled substances with intent to distribute (G. L. c. 94C, §§ 31 and 32), the defendant was convicted and sentenced. There was testimony that the defendant was a diabetic and that the arresting officer had found a vial containing a liquid which he believed to be insulin on the front seat of the car where the defendant and his wife had been seated at the time of the arrest. The only issue raised by the bill of exceptions is the correctness of the judge's overruling of the defendant's objection to a question put to him on cross-examination: "At that time [the arrest] didn't your wife say to the officer, 'Don't touch that insulin, that belongs to him.' " The defendant denied that his wife made that statement, and there was no evidence that any such statement was made. The question was designed to elicit an admission that the defendant had had insulin with him. Such an admission would have been inconsistent with his prior testimony to the effect that he had not had insulin with him. If the prosecuting attorney expected to show that the defendant had adopted his wife's statement by remaining silent, the question would have been improper as the defendant was under arrest at the time the statement was made. *Commonwealth* v. *Morrison,* 1 Mass. App. Ct. 632, 633-634 (1973). The defendant, however, denied that that statement was made, and thus no adoption was elicited. The case was tried jury-waived, and there was abundant evidence of guilt. We are convinced beyond a reasonable doubt that the error, if any, was harmless. *Chapman* v. *California,* 386 U. S. 18, 24 (1967). *Commonwealth* v. *Roy,* 2 Mass. App. Ct. 14, 21 (1974). Contrast *Commonwealth* v. *Morrison, supra,* at 634-635.

*Exceptions overruled.*

The case was submitted on briefs.
*Robert S. Potters* for the defendant.
*Timothy Spillane,* Assistant District Attorney, for the Commonwealth.