Commonwealth *vs.* Jonathan Hogg.

Suffolk.    October 15, 1975. — April 2, 1976.

Present: Hale, C.J., Keville, & Armstrong, JJ.

*Identification. Evidence,* Presumptions and burden of proof, Offer of
    proof, Competency.

Evidence at a voir dire hearing on a criminal defendant's motion to
    suppress a witness's out-of-court photographic identification of the
    defendant warranted findings that the witness's selection of the de-
    fendant's photograph and the in-court identification were not the
    product of impermissible suggestion. [227]
During a voir dire hearing at a robbery trial, the exclusion as hearsay
    of the defendant's question to a witness concerning a conversation
    which might have influenced his identification of the defendant was
    not shown to be prejudicial to the defendant where the record failed
    to show that the question was put to the witness on cross-examina-
    tion or that an offer of proof followed its exclusion, and where the
    witness had ample opportunity to observe the robber for thirty min-
    utes at the scene of the crime. [227-229]
At an armed robbery trial, the judge did not err in admitting in evi-
    dence a pistol allegedly owned by one of the robbery victims and
    taken from the defendant when he was apprehended a few weeks
    after the commission of the crime where there was evidence of the
    similarity between the victim's gun and the one taken from the
    defendant even though there was contradictory evidence with re-
    spect to two digits in the weapon's "OD" number. [229-230]

Indictment found and returned in the Superior Court
on December 6, 1971.

The case was tried before *Connolly,* J.

The case was submitted on briefs.

*Richard S. Goldstein* for the defendant.

*Joseph T. Doyle, Jr.,* Special Assistant District Attor-
ney, for the Commonwealth.

Keville, J.    The defendant Hogg and two codefend-
ants[1] were convicted of armed robbery and assault with

---

[1] Hogg's appeal alone is before us.

intent to rob after a jury trial in the Superior Court. The defendant's appeal, by way of a bill of exceptions under G. L. c. 278, § 31, presents three issues for review: (1) denial after a voir dire of the defendant's motion to suppress in-court and out-of-court identifications of the defendant by an eyewitness (Hamilton); (2) the exclusion as hearsay, during the voir dire hearing, of questions put by defense counsel to Hamilton concerning conversations between Hamilton and Corcoran[2] relating to persons identified by Corcoran at a lineup conducted by the police; and (3) the admission of a pistol in evidence at trial where there was conflicting evidence with respect to its identification.

We summarize pertinent facts drawn from the bill of exceptions. At 2:00 A.M. on August 22, 1971, two MBTA employees, Hamilton and Corcoran, were seated in the front of a bus located at an MBTA garage. The area was well-lighted by pit lights and overhead floodlights. Hamilton's attention was directed by Corcoran to two men armed with rifles thirty or forty feet distant. A third man, armed with a handgun, appeared at the front door and ordered Hamilton and Corcoran from the bus. Hamilton later identified the men as the defendants and identified Hogg as one of those carrying a rifle. Corcoran attempted to flee but was apprehended by the riflemen. Hamilton was ordered by the third man at pistol point to follow in the direction taken by Corcoran. He came upon Corcoran and the riflemen in an area between two buses which was shadowy but in which Hamilton was able to make out the features of the men. Hamilton and Corcoran were ordered to face one of the buses.

From his position Hamilton observed one of the men frisk Corcoran, in the course of which Corcoran's pistol, wallet and wristwatch were taken from him. They remained between the buses for about twenty minutes and were then ordered to another part of the garage. As they proceeded, Hamilton followed the man he later identified

---

[2] A witness who died prior to trial.

as Hogg and was followed by the man with the pistol. The men left after ordering Hamilton and Corcoran to lie face down on the ground. The entire incident took about thirty minutes. Hamilton gave the police a description of the three men upon their arrival at the scene.

The judge held a voir dire hearing on the defendant's motion to suppress Hamilton's in-court and out-of-court identifications of the defendant based upon the defendant's contention that Hamilton's in-court identification was tainted by two earlier photographic identifications and a nontestimonial identification at a District Court which the defendant claimed were impermissibly suggestive. Two months after the robbery, Hamilton, at a police station, selected pictures of all three defendants from a group of fifty or sixty photographs given to him by the police. A week later he identified the three defendants when he saw them together in the prisoners' dock at a probable cause hearing at a District Court. Much later, about two months prior to trial, an assistant district attorney showed him pictures of the three defendants which he immediately identified.

The judge suppressed only the identifications made at the District Court implicitly for the reason that they were unnecessarily suggestive, although Hamilton's identification on that occasion was made spontaneously. Contrast *Commonwealth* v. *Kazonis*, 356 Mass. 649, 652 (1970).

The narrow issue before us on the denial of the motion to suppress is whether the evidence, as set forth in the bill of exceptions, was sufficient to support the judge's findings. *Commonwealth* v. *Murphy*, 362 Mass. 542, 547 (1972). The record demonstrates no error in the judge's implicit finding that Hamilton's initial selection of the defendants' photographs from the group was not the product of impermissible suggestion. *Commonwealth* v. *Finn*, 362 Mass. 206, 207-209 (1972). *Commonwealth* v. *Gilday*, 367 Mass. 474, 494-496 (1975). See *Stovall* v. *Denno*, 388 U. S. 293, 302 (1967); *Simmons* v. *United States*, 390 U. S. 377, 384 (1968).

During voir dire, Hamilton described his assailants in

part as three black men in their early twenties. The group of photographs from which he selected those of the defendants were of black males between twenty and thirty years of age. Hamilton had learned from Corcoran the names of the individuals identified by the latter at a police lineup a few days earlier, but he did not know whether the photographs of those individuals were included in the group from which he made his selection and no suggestion had been made to him by the police. The backs of the photographs picked out by Hamilton identified the defendants by name but Hamilton testified at voir dire and the judge found that he had not looked at the backs of the photographs. *Commonwealth* v. *Ross*, 361 Mass. 665, 672, 673 (1972), vacated on other grounds, 410 U. S. 901, affd. on rehearing 363 Mass. 665 (1973).

In view of Hamilton's decisive selection of the defendants' photographs on this occasion, we attach little or no significance to the judge's failure to suppress his later identification of the defendants' photographs when they were shown to him by the assistant district attorney (see *Commonwealth* v. *Ross*, 361 Mass. at 673; *Commonwealth* v. *Wheeler*, 3 Mass. App. Ct. 387, 392 [1975]), an identification which the Commonwealth did not seek to introduce at trial.

While there were discrepancies between the descriptions of his assailants which Hamilton testified at voir dire he had given to the police at the scene, and those entered in a police report, we think that the prosecution satisfied its burden of showing by clear and convincing evidence that Hamilton's in-court identification was based upon an independent source, his observation of the defendants during the commission of the crime. *Commonwealth* v. *McGrath*, 361 Mass. 431, 436-438 (1972). *United States* v. *Wade*, 388 U. S. 218, 240 (1967). *Commonwealth* v. *Botelho*, 369 Mass. 860, 869-870 (1976). See *Commonwealth* v. *Mendes*, 361 Mass. 507, 511 (1972).

Where there has been suggestive in-custody identification, among a variety of factors to be considered in determining whether to permit an identification at trial is the

extent of a witness' opportunity to observe the defendant at the time of the commission of the crime. The firmer the contemporaneous impression the less likely it is that the witness will be influenced by subsequent events. *Commonwealth* v. *Ross, supra,* at 671-672. As the judge found, Hamilton had ample opportunity to observe the defendants at the scene under circumstances which impressed the image of the defendants upon his mind. Two months thereafter, as heretofore stated, he was able to select their pictures (and not those of other individuals) from a group of fifty or sixty photographs.

We turn to the exception taken to the judge's exclusion as hearsay of defense counsel's question to Hamilton concerning talk he had with Corcoran following identifications made by the latter at a police lineup a few days prior to Hamilton's identification of the defendants from the group of photographs. The record fails to show either that the question was put to the witness on cross-examination or that an offer of proof was made following its exclusion. *Commonwealth* v. *Farrell,* 322 Mass. 606, 623 (1948). *Commonwealth* v. *Kleciak,* 350 Mass. 679, 693 (1966). If the purpose of counsel was to show that Hamilton had acquired knowledge through his talk with Corcoran which might have influenced his selection of the photographs, it was his obligation to bring it to the attention of the court. Not having done so, he may not now claim error in the exclusion of the question. See *Commonwealth* v. *Baker,* 348 Mass. 60, 63-64 (1964). Even if we were to assume that the defendant may have been entitled to the question, its exclusion would in any event have been harmless in view of the evidence which demonstrated Hamilton's extensive opportunity to observe his assailants for a period of thirty minutes at the scene of the crime.

Finally, the defendant excepted to the admission in evidence of a .25 caliber Colt automatic pistol owned by Corcoran and allegedly taken from the defendant by the police when he was apprehended a few weeks after the commission of the crime. The defendant's objection to

the admission of the weapon was based upon contradictory evidence with respect to two digits in the weapon's "OD" number. There was evidence of its purchase by Corcoran and its identification by Hamilton who had cleaned it and observed it in Corcoran's possession; and there was testimony by the police officer who had taken it from the defendant as well as testimony of a police ballistician.

Without going into further detail, we conclude that there was no error in the admission of the pistol. The testimony concerning similarity between Corcoran's pistol and that taken from the defendant was sufficient for its admission in evidence. *Commonwealth* v. *Grant*, 352 Mass. 434, 438 (1967). Any lack of positive identification or weakness in the chain of custody of the weapon went not to the competency of the evidence but to its weight. That question was for the jury. *Commonwealth* v. *Parrotta*, 316 Mass. 307, 313 (1944). *Commonwealth* v. *Vanetzian*, 350 Mass. 491, 496 (1966). *Commonwealth* v. *Baribeault*, 2 Mass. App. Ct. 839 (1974).

*Exceptions overruled.*