COMMONWEALTH *vs.* HAROLD COBB.

Suffolk.    May 10, 1977. — June 15, 1977.

Present: HALE, C.J., GOODMAN, & ARMSTRONG, JJ.

*Practice, Criminal,* Charge to jury. *Alibi. Error,* Whether error harmful.

At a criminal trial, the judge erred in his instructions to the jury in singling out alibi testimony for special scrutiny and in failing to instruct the jury that "an alibi may be the only refuge of the innocent," as set forth in *Commonwealth* v. *McLeod,* 367 Mass. 500 (1975). [422-425]

INDICTMENTS found and returned in the Superior Court on February 18, 1976.

The cases were tried before *Chmielinski*, J.

*Susan J. Baronoff* for the defendant.

*Kathleen M. Curry*, Assistant District Attorney, for the Commonwealth.

HALE, C.J.    The defendant was tried by a jury, found guilty and sentenced on indictments charging him with

armed assault in a dwelling, assault and battery with a dangerous weapon and armed robbery. He appeals pursuant to G. L. c. 278, §§ 33A-33G, claiming that the judge's charge to the jury was erroneous in that it singled out alibi evidence for special scrutiny.[1]

The testimony may be summarized as follows. At approximately 5:30 P.M. on November 11, 1975, two men forced their way into the second floor apartment of Artis and Audrey Myers in Dorchester. They threatened the Myerses and stole money and personal property from them at knifepoint. Shortly after the men left, Mr. and Mrs. Myers went to the District 3 police station, where they identified the defendant by photograph. The defendant was arrested on December 9, 1975.

The Commonwealth's case rested solely on identifications of the defendant by Mr. and Mrs. Myers. The defendant presented an alibi to which he and one other witness testified.

The defendant alleges that the trial judge erred in giving the following charge to the jury on the subject of the alibi presented by the defendant: "The defense is one of alibi. The law in this Commonwealth is that alibis, the testimony of alibi witnesses, should be scrutinized with great care. It should be examined for possible bias, prejudice, all the circumstances that come to you, ladies and gentlemen. The reason for that should be obvious. It is because the person offers an alibi as a defense. Obviously he can't be two places at one time. He denies any complicity in this crime because he was someplace else. And in order to substantiate that story, he produced a witness, and it is up to you to assess her testimony and see whether it is entitled to a degree of credibility which is sufficient to create a reasonable doubt in your minds."

Defense counsel objected and requested the judge to in-

---

[1] The only other assignment of error which was briefed was not based on an exception and brings nothing before us for review. *Commonwealth* v. *Mello, post,* 825 (1977).

struct that an "alibi defense may be the last refuge of an innocent man" as suggested in *Commonwealth* v. *McLeod,* 367 Mass. 500, 501-502 (1975). The judge refused to do so.[2] The defendant argues that the instruction given by the judge, singling out alibi testimony for special scrutiny, impermissibly shifted to the defendant the burden of proving his nonpresence at the place of the crime, thereby lessening the Commonwealth's burden of proving the defendant's guilt beyond a reasonable doubt. In the *McLeod* case, the Supreme Judicial Court, in examining a charge on alibi evidence similar to that given here, warned "against the clear error which would be involved if the burden of proof as to alibi evidence were put on the defendant, as was done in *Commonwealth* v. *Webster,* 5 Cush. 295, 319, 324 (1850). See *Commonwealth* v. *Leaster,* 362 Mass. 407, 416-417 (1972), and cases cited. Cf. *Sullivan* v. *Scafati,* 428 F. 2d 1023, 1025-1026 (1st Cir. 1970), cert. den. 400 U. S. 1001 (1971). It is therefore unwise to refer to alibi as a 'defense.' Indeed, we think it is not ordinarily helpful to single out alibi evidence for subjection to 'rigid scrutiny' and the like. If such a charge is given, it should also be pointed out that an alibi may be the only refuge of the innocent." *Commonwealth* v. *McLeod, supra,* at 502.

While it is true that the instructions here did not contain the burden shifting language of *Webster*[3] to which the Supreme Judicial Court referred, it did, however, indicate that the defendant bore the burden of presenting sufficient evidence to "substantiate [his] story" and to "create a reasonable doubt in [the jury's] minds" as to his presence at the scene. Even though this language did not, in so many

---

[2] The judge also refused to instruct, as requested, that "the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence." *McLeod, supra,* at 502, n.1. He had, however, fully instructed the jury on this point, using other words.

[3] "If, therefore, the proof of the alibi does not outweigh the proof that he was at the place when the offence was committed, it is not sufficient." *Commonwealth* v. *Webster,* 5 Cush. 295, 324 (1850).

words, shift to the defendant the burden of proving his innocence, it at least confused the issue of who had the burden of proof.

The trial judge twice referred to an alibi as a "defense" and singled out the alibi testimony as requiring careful scrutiny. Even if the references in this charge to an alibi as a defense and the instruction that alibi testimony be scrutinized with great care do not constitute "clear error," the charge was clearly of the type disapproved by the Supreme Judicial Court in *McLeod*, and the judge should have given the essence of the requested instruction that an alibi may be the only refuge of the innocent. Failure to do so was error, especially in a case such as this one where the Commonwealth's entire case is based upon the testimony of the two victims, whose credibility on the issue of identification was called into question.[4]

The Commonwealth argues that the charge, when read as a whole, was not prejudicial and that the Supreme Judicial Court, although indicating its disapproval of language like that used here, has also stated that it does not necessarily follow that a reversal must be ordered when that language or a variant thereof is used. *Commonwealth* v. *Ramey*, 368 Mass. 109, 115 (1975). However, the trial in *Ramey* took place in 1973, two years before the *McLeod* decision, and the judge there was without the benefit of *McLeod* when he instructed the jury. Such is not the case here. *McLeod* was decided fourteen months, and *Ramey* one year, before the trial in this case. Although neither case resulted in the reversal of convictions, the Supreme Judicial Court in both cases clearly indicated that in the future trial judges should follow the suggestions made in *McLeod* which would exclude from a charge on alibi evidence language like that used here. We do not regard the warnings of *McLeod* and *Ramey* as an academic exercise on the part

---

[4] On cross examination by defense counsel, testimony was elicited that indicated that the witnesses' description of their assailants at trial differed significantly from that given to the police immediately after the incident.

of the Supreme Judicial Court. There has been ample time since those cases were decided for trial judges to modify their charges on alibi evidence. We are of the opinion that the time has come to hold that the failure of a judge to charge the jury, when requested to do so, on alibi evidence in accordance with the directions given by the Supreme Judicial Court is reversible error, and we so hold.

*Judgments reversed.*

*Verdicts set aside.*