COMMONWEALTH *vs.* HAROLD COBB. September 13, 1978. The defendant appeals (G. L. c. 278, §§ 33A-33G) from convictions upon the retrial of indictments after the reversal of convictions in *Commonwealth* v. *Cobb*, 5 Mass. App. Ct. 421 (1977). On the first day of the retrial the Commonwealth in its opening indicated that both Mr. and Mrs. Myers, the victims of the robbery and assault, would testify that they had made an identification by photograph of the defendant; Mrs. Myers then testified to the incident and her photographic identification of the defendant. The investigating officer testified that both Mr. and Mrs. Myers made a photographic identification on the evening of the incident in the police station. The prosecuting attorney did not call Mr. Myers that day because he was ill, but she advised the court that she hoped to have him testify the next day. On the second day of trial she advised the court that Mr. Myers would not be available, and defense counsel then asked that the jury be instructed to disregard "any references that may have been made to his making an identification . . . ." The judge stated, "We will meet that problem when we get to it." In his charge the judge instructed the jury that "in this case Artis Myers did not testify and, therefore, you may not speculate or draw any inferences as to what his testimony might have been if he had testified" and that the opening is not evidence. See *Commonwealth* v. *Hartford*, 346 Mass. 482, 486 (1963). At a bench conference at the end of the charge the court commented, "Well, I gave the instruction I was asked to give," and defense counsel at the end of the bench conference stated, "Thank you. That's fine, thank you." Both parties argued the case on the footing that evidence of Mr. Myers' photographic identification was inadmissible, and we do not consider that to be an issue. See Annot., 71 A.L.R.2d 449 (1960), & Later Case Service § 16 (1978). No exception having been taken, the only question is whether there is a substantial risk of a miscarriage of justice. We think not. While the charge did not specifically instruct the jury to disregard the officer's reference to Mr. Myers' identification, this was obviously satisfactory to defense counsel, who might well have wished to avoid any emphasis on this incidental testimony. From the charge

read as a whole (see *Commonwealth* v. *Godin,* 374 Mass. 120, 130–131 [1977] ), including its detailed discussion of the identification by Mrs. Myers, and from an examination of the entire transcript, we conclude that the emphasis throughout was on the identification made by Mrs. Myers, and we are confident that the jury's verdict resulted from her testimony.

*Judgments affirmed.*

*Susan J. Baronoff* for the defendant.

*Kathleen M. Curry,* Assistant District Attorney (*Lynn Wansley Flanagan,* Special Assistant District Attorney, with her) for the Commonwealth.