COMMONWEALTH *vs.* GEORGE PALMARIN.

Suffolk.  November 14, 1978. — January 11, 1979.

Present: HALE, C.J., ROSE, & GOODMAN, JJ.

*Evidence*, Evidence at preliminary hearing, Alibi. *Practice, Criminal*, Exceptions: failure to save exception; Instructions to jury.

Where defense counsel at a criminal trial had elicited testimony from a defense witness which indicated that alibi witnesses had not testified at the defendant's probable cause hearing, questioning of the alibi witnesses by the prosecutor that brought out the same information did not harm the defendant. [802–803]

In the context of a judge's entire charge to the jury at a criminal trial and the overwhelming evidence of guilt, any error with respect to the instruction on alibi evidence containing some of the disapproved language from *Commonwealth* v. *Webster*, 5 Cush. 295 (1850), did not create a substantial risk of a miscarriage of justice. [803–805]

INDICTMENT found and returned in the Superior Court on May 20, 1976.

The case was tried before *Good, J.*

*Beth H. Saltzman* for the defendant.

*Peter D. Feeherry*, Assistant District Attorney (*Judith Craven*, Legal Assistant to the District Attorney, with him) for the Commonwealth.

HALE, C.J. The defendant appeals (G. L. c. 278, §§ 33A-33G) from his conviction on an indictment charging him with the unlawful distribution of a Class A controlled substance (heroin). The jury heard testimony that Detectives Vincent Logan and Willis Saunders, Jr., while conducting a surveillance operation in the South End of Boston, observed through binoculars a man, whom they knew well and recognized as the defendant, handing a tinfoil packet to another individual in exchange for money. The transaction occurred at approximately 8:00 P.M. The recipient of the packet was pursued and arrested by Logan and Saunders a few blocks from where he had been observed by the officers. The packet was seized and its contents were later analyzed and found to contain heroin. After this arrest, a radio call naming the defendant went out to other members of the surveillance team. One of the officers so alerted saw the defendant and chased him on foot until he escaped down a nearby alley. Two days later the defendant was arrested by Detective Logan pursuant to a warrant.

The defendant did not testify at trial, but his wife and five relatives testified that on the night in question the defendant had been with them at the celebration of a family birthday. Four of the witnesses stated that the defendant had been in their company for several hours starting at approximately 7:30 P.M. On cross-examination the assistant district attorney asked five of the six witnesses whether they had testified at the probable cause hearing in the District Court, and each witness responded in the negative.[1] In his closing argument the prosecutor commented on the failure of the alibi witnesses to testify in the District Court.

1. The defendant contends that the prosecutor's questioning of the alibi witnesses to elicit that none of them

---

[1] Defense counsel saved an exception to this line of inquiry after the second and third witnesses were examined, but neither objected nor excepted to similar questioning of the other witnesses.

had testified in the District Court violated G. L. c. 278,
§ 23,[2] and denied him a fair trial. Given the particular
circumstances of this case, it is unnecessary for us to
discuss whether that questioning was within the range
prohibited by § 23. See *Commonwealth* v. *Maguire,* 375
Mass. 768, 774–775 (1978); *Commonwealth* v. *Morrison,* 1
Mass. App. Ct. 632, 637 (1973). The record reveals that at
the trial in the Superior Court, prior to any testimony or
cross-examination of the alibi witnesses, the attorney
who had represented the defendant at the probable cause
hearing testified. He responded in the negative to a ques-
tion put to him by defense counsel as to whether anyone
other than Detectives Logan and Saunders had testified
at the probable cause hearing. We conclude that where
defense counsel elicited testimony from the defendant's
own witness indicating that the alibi witnesses had not
previously testified, questioning of the alibi witnesses by
the prosecutor that brought out the same information did
not harm the defendant. See *Commonwealth* v. *Paradiso,*
368 Mass. 205, 210-213 (1975).

2. The short answer with regard to the alleged impro-
priety of the prosecutor's comments during closing argu-
ment is that there is nothing before us to review where
no exception was taken at trial. *Commonwealth* v. *Therri-
en,* 371 Mass. 203, 207 (1976). *Commonwealth* v. *Cooper,*
4 Mass. App. Ct. 782 (1976), and cases cited.

3. The defendant's final contention is that the trial
judge's charge to the jury on alibi evidence erroneously
singled out the alibi for special scrutiny and shifted the
burden of proof to the defendant. The alibi portion of the
charge drew some of its language from *Commonwealth* v.

---

[2] General Laws c. 278, § 23, provides: "At the trial of a criminal case
in the superior court, upon indictment or appeal, the fact that the
defendant did not testify at the preliminary hearing or trial in the
lower court, or that at such hearing or trial he waived examination
or did not offer any evidence in his own defence, shall not be used as
evidence against him, nor be referred to or commented upon by the
prosecuting officer."

*Webster*, 5 Cush. 295, 319 (1850), which has been disapproved by the Supreme Judicial Court and this court in past decisions (*Commonwealth* v. *McLeod*, 367 Mass. 500, 501-502[1975]; *Commonwealth* v. *Cobb*, 5 Mass. App. Ct. 421, 423 [1977]), but the charge did not contain the offensive burden-shifting language of *Webster*.[3]

Although the defendant argues vigorously on appeal that the charge was patently prejudicial, there was no exception taken to the charge at trial. Nor did defense counsel request an instruction that an alibi may be the "only refuge of the innocent." See *Commonwealth* v. *McLeod, supra* at 502. Contrast *Commonwealth* v. *Cobb, supra* at 423. Recognizing that in certain "rare and unusual circumstances" (*Commonwealth* v. *Foley*, 358 Mass. 233, 236 [1970]) a verdict may be set aside in order to prevent "a substantial risk of a miscarriage of justice" (*Commonwealth* v. *Freeman*, 352 Mass. 556, 564 [1977]) even if there had been no objection at trial (*Commonwealth* v. *Mello*, 5 Mass. App. Ct. 825 [1977]; *Commonwealth* v. *Borges*, 2 Mass. App. Ct. 869, 870 [1974]), we have read the charge with care. The quotation from the *Webster* case in isolation would indeed have required reversal if proper exceptions had been taken, because of its reference to an alibi as a "defense often attempted by contrivance and subornation of perjury" and its failure to point out that "an alibi may be the only refuge of the innocent." *Commonwealth* v. *Cobb, supra* at 424. Here, however, there was sufficient emphasis placed upon the Commonwealth's burden of proof to mitigate the effect of the *Webster* language quoted in the charge. The judge expressed the duty of the Commonwealth to prove its case beyond a reasonable doubt at least seven times throughout the charge, and one of those references was made at the conclusion of the alibi instruction. Compare *Sullivan*

---

[3] "If, therefore, the proof of the *alibi* does not outweigh the proof that he was at the place when the offence was committed, it is not sufficient." *Commonwealth* v. *Webster*, 5 Cush. 295, 324 (1850).

v. *Scafati*, 428 F.2d 1023, 1024 (1st Cir. 1970), cert. denied 400 U.S. 1001 (1971). Though the question is close, in view of the structure and content of the charge and the overwhelming evidence of guilt, we do not conclude that there was a likelihood of a substantial risk of a miscarriage of justice.

*Judgment affirmed.*