COMMONWEALTH vs. ERNEST K. WILLIAMS, JR.

Suffolk. March 6, 1979. — June 11, 1979.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, WILKINS, & ABRAMS, JJ.

*Practice, Criminal,* Exceptions: failure to save exception, Instructions to jury. *Evidence,* Alibi.

This court declined to grant relief to a criminal defendant on the basis of the judge's instructions with respect to alibi evidence, to which the defendant did not object or except, where the issue was not of constitutional proportions and there was no substantial risk of a miscarriage of justice. [243-245]

INDICTMENTS found and returned in the Superior Court on December 6, 1971.

The cases were tried before *Connolly,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Stephen Hrones* for the defendant.

*Robert J. McKenna, Jr.,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant appeals from his convictions in a June, 1973, trial of robbery while armed and assault with intent to rob. In his appeal, which we transferred here on our own motion, the defendant challenges the judge's charge to the jury concerning alibi. The defendant, who was represented by different counsel at trial, did not object or except to the judge's charge concerning alibi. Unless the question is one of the retroactive application of certain constitutional requirements (*Commonwealth* v. *Stokes,* 374 Mass. 583, 587-591 [1978]), or unless there is a substantial risk of a miscarriage of justice (*Commonwealth* v. *Freeman,* 352 Mass. 556, 564 [1967]), we do not review the merits of an assignment of error not based on

an exception. See *Commonwealth* v. *Jefferson*, 377 Mass. 716, 718 (1979). We affirm the convictions.

1. The defendant argues that the judge's charge improperly placed on him the burden of persuasion on alibi. There was no substantial risk of a miscarriage of justice. The charge included language which, standing alone, could have been interpreted as instructing the jury to set aside the evidence on alibi offered by the defendants[1] if the jury did not believe that evidence, and then to decide the case only on the other evidence before it. However, the judge also stated unequivocally that the introduction of alibi evidence in no way altered the burden on the Commonwealth, that the burden of proof beyond a reasonable doubt rested with the Commonwealth as to every element of each crime charged, and that all the evidence tending to sustain the alibi was in direct conflict with the Commonwealth's contention that the defendants had committed the crimes. The judge reiterated the proper burden of proof standard many times during the charge. As we said in *Commonwealth* v. *Leaster*, 362 Mass. 407, 416-417 (1972), "[t]here is no reasonable likelihood that the charge taken as a whole could have led the jury to ignore the reasonable doubt test."

The defendant argues that this case is controlled by *Commonwealth* v. *Stokes*, 374 Mass. 583, 588 (1978), in which we held that we would review jury instructions on self-defense even absent an objection at trial, when the instruction was arguably deficient with respect to constitutional standards articulated after the trial was over. We noted the unfairness of "requiring clairvoyance on the part of defense counsel" in those circumstances. *Id.* That rule has no bearing on this case. It was clear at the time of this trial that the Commonwealth was under an

---

[1] The defendant was tried with two other defendants, whose appeals are not before us. See *Commonwealth* v. *Hogg*, 4 Mass. App. Ct. 225 (1976), where the convictions of one of those other defendants were affirmed. The issue presented here was not raised in that appeal.

obligation to prove every element of its case in chief beyond a reasonable doubt (see, e.g., *In re Winship*, 397 U.S. 358, 362-363 [1970]), and that this obligation was fully applicable to a case in which an alibi had been presented (see *Commonwealth* v. *Sullivan*, 354 Mass. 598, 607-608 [1968], cert. denied, 393 U.S. 1056 [1969]).

2. The judge charged the jury that "a jury should scrutinize alibi evidence very carefully. Alibi evidence is easily fabricated. It is difficult to disprove; and it is usually attested to by friends and relatives of the accused." This part of the charge was similar to that which we had approved in *Commonwealth* v. *Leaster*, 362 Mass. 407, 416 n.3 (1972), except that the judge did not add that the jurors should bear in mind that an alibi may be the only refuge of the innocent. This omission was not reversible error.

In *Commonwealth* v. *McLeod*, 367 Mass. 500, 502 (1975), decided almost two years after the trial of this case, and, as the record in that case shows, tried in February, 1972, we noted that "it is not ordinarily helpful to single out alibi evidence for subjection to 'rigid scrutiny' and the like. If such a charge is given, it should also be pointed out that an alibi may be the only refuge of the innocent." We did not reverse the defendant's conviction in spite of instructions which failed to conform to what we regarded as appropriate.[2] A somewhat similar charge was given in *Commonwealth* v. *Ramey*, 368 Mass. 109, 113-115 (1975), which was decided two years after this case was tried, but in the *Ramey* case we declined to reverse the defendants' convictions, even though the question was properly preserved on appeal.[3] Finally, in *Commonwealth* v. *Cobb*, 5 Mass. App. Ct. 421, 423-424 (1977), dealing with

---

[2] There, as here, the defendant did not properly preserve the point for consideration on appeal. See *Commonwealth* v. *McLeod*, 367 Mass. 500, 501 (1975).

[3] The record in the *Ramey* case shows that the case was tried in November, 1973.

a case tried over one year after our *McLeod* and *Ramey* decisions, the Appeals Court reversed a conviction primarily because the charge did not conform to the directions of this court in the *McLeod* and *Ramey* opinions. The Appeals Court specifically noted that "[t]here has been ample time since those cases were decided for trial judges to modify their charges on alibi evidence." *Commonwealth* v. *Cobb, supra* at 425.

The defendant, who was tried in 1973, presents a case which is no stronger than those rejected by this court in its *McLeod* and *Ramey* decisions. We see no basis for granting the defendant special consideration merely because his appeal arrived here belatedly. This issue is not of constitutional proportions. See *Commonwealth* v. *Sullivan*, 354 Mass. 598, 607-608 (1968); *Sullivan* v. *Scafati*, 428 F.2d 1023, 1024-1026 (1st Cir. 1970), cert. denied, 400 U.S. 1001 (1971). There was no substantial risk of a miscarriage of justice.

We note again that we have approved a form of alibi instruction which would avoid the problems raised by this case. See *Commonwealth* v. *McLeod*, 367 Mass. 500, 502 n.1 (1975).

*Judgments affirmed.*