## COMMONWEALTH vs. GEORGE PALMARIN.

Suffolk. May 7, 1979. — July 11, 1979.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Evidence*, Evidence at preliminary hearing, Alibi. *Practice, Criminal*, Exceptions: failure to save exception.

A criminal defendant was entitled to a new trial where the prosecutor violated G. L. c. 278, § 23, by asking five of the defense witnesses on cross-examination whether they had testified at any prior court proceeding concerning the case. [476-478]

This court expressed its continuing disapproval of the charge on alibi evidence as contained in *Commonwealth* v. *Webster*, 5 Cush. 295 (1850), or any other charge that places the burden of proving alibi on the defendant. [478-479]

INDICTMENT found and returned in the Superior Court on May 20, 1976.

The case was tried before *Good*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Beth H. Saltzman* for the defendant.

*James S. Hamrock, Jr.*, Special Assistant District Attorney (*Alice Hanlon*, Legal Assistant to the District Attorney, with him) for the Commonwealth.

HENNESSEY, C.J. The defendant was convicted by a Superior Court jury of unlawfully distributing heroin. He appealed his conviction, pursuant to G. L. c. 278, §§ 33A-33G, arguing error in (1) the prosecutor's cross-examination of five of the defense witnesses, and (2) portions of the judge's charge to the jury. The Appeals Court affirmed, *Commonwealth* v. *Palmarin*, 6 Mass. App. Ct. 801 (1979), and we granted the defendant's application for further appellate review. We conclude that there was error in the

prosecutor's cross-examination of the defense witnesses and, accordingly, grant the defendant a new trial. We also take the opportunity, in part 2, *infra*, of this opinion, to comment on certain aspects of the judge's charge.

The facts stated briefly are as follows. Detectives Vincent Logan and Willis Saunders, Jr., testified that, on the evening of February 21, 1976, they were conducting a drug traffic surveillance operation in the South End section of Boston. At about 8 P.M., they observed a man, whom they knew to be the defendant, handing a tinfoil packet to another individual in exchange for some money. The detectives pursued the recipient, arrested him, and seized the packet, which later was found to contain heroin. They then alerted other members of the surveillance team, by radio, to pick up the defendant. One of the officers so alerted chased the defendant until he disappeared down a near-by alley. Detective Logan arrested the defendant, pursuant to a warrant, two days after the incident occurred.

The defendant did not take the stand at trial. However, he did call seven witnesses to testify in his behalf. The first was the attorney who represented him at his probable cause hearing. That attorney testified to allegedly prior inconsistent statements made at that hearing by Detectives Logan and Saunders. The remaining six witnesses, the defendant's wife and five of his relatives, testified that the defendant was with them on the night in question, celebrating a family birthday. On cross-examination, the assistant district attorney asked five of these witnesses whether they had testified at any prior court proceeding concerning the case, and each responded in the negative.[1] During his closing argument to the jury, the prosecutor commented on the witnesses' failure to testify earlier, and suggested that their stories were recently contrived.

---

[1] Defense counsel saved an exception to this line of inquiry after the second and third witnesses answered the question.

1. The defendant contends that the prosecutor's questions on cross-examination and comments during argument violated G. L. c. 278, § 23,[2] and denied him a fair trial. The Commonwealth counters that § 23 should not be construed so as to prevent the impeachment of a witness at a Superior Court trial by showing that the witness failed to testify earlier in the defendant's behalf. The Appeals Court found it unnecessary to decide whether the challenged conduct fell within the scope of § 23, noting that, prior to the cross-examinations now in issue, the attorney who represented the defendant at the probable cause hearing responded in the negative to defense counsel's question whether anyone other than Detectives Logan and Saunders had testified at the hearing. *Commonwealth* v. *Palmarin, supra* at 802-803.

We need not decide whether the mandate embodied in § 23 ceases to operate when the defendant himself places the forbidden factual material in evidence, because our view of the substantive import of the former attorney's testimony is different from that of the Appeals Court. At trial, that attorney was called to testify to prior inconsistent statements made by two of the Commonwealth's three witnesses. The defendant maintains that the question was designed simply to reveal to the jury that the third Commonwealth witness did not testify at the earlier hearing and to explain why his testimony at trial remained unassailed. We think that, taken in context, the question and answer accomplished that limited goal and did not tend to establish that the defendant's alibi witnesses had also failed to testify at the preliminary hearing.

[2] General Laws c. 278, § 23, as then in effect, provided: "At the trial of a criminal case in the superior court, upon indictment or appeal, the fact that the defendant did not testify at the preliminary hearing or trial in the lower court, or that at such hearing or trial he waived examination or did not offer any evidence in his own defence, shall not be used as evidence against him, nor be referred to or commented upon by the prosecuting officer."

Moreover, although the defendant objected to the challenged line of inquiry on cross-examination only two of the five times it was pursued, and failed entirely to object to the comments made in the prosecutor's argument to the jury, we think that the cumulative effect of the prosecutor's actions at trial is an appropriate subject for our consideration. The judge indicated early on that he thought the prosecutor's method of impeachment was proper, and defense counsel would not have been unwarranted in concluding that repeated objections would provoke a similar response. More importantly, however, the information elicited cast serious doubt on the alibi witnesses' testimony — doubt that would not have arisen had the questions been excluded as the statute requires. Thus there exists a substantial risk that the defendant has suffered a miscarriage of justice and, in such circumstances, we will entertain a claim of error notwithstanding the defendant's failure to comply fully with the applicable procedural rules. *Commonwealth* v. *Freeman*, 352 Mass. 556 (1967).

There are many proper methods of impeachment. See W.B. Leach and P.J. Liacos, Massachusetts Evidence 112 (4th ed. 1967); McCormick, Evidence §§ 33-48 (2d ed. 1972). However, the method employed by the prosecutor in this case is not one. In effect, the Commonwealth urges that evidence otherwise relevant is not rendered inadmissible simply because the jury might use it for an impermissible purpose. Although the rule thus stated is generally correct, see *Leonard* v. *Boston Elevated Ry.*, 234 Mass. 480, 483 (1920); *Whipple* v. *Rich*, 180 Mass. 477, 479 (1902), it is inapplicable to the instant case. In light of the legislative policy expressed in the statute, as well as the constitutional implications surrounding the entire issue, it is clear that the judge's rulings were incorrect. Section 23 specifically precludes a prosecutor from commenting on a defendant's failure to "offer any evidence in his own defence" at a preliminary hearing or trial in the lower court. If prosecutors wish to demonstrate recent contriv-

ance, it is open to them to do so in myriad other ways. They may not ask all but one of the witnesses whose testimony constitutes the defendant's sole theory of innocence whether they testified in previous court proceedings. The cumulative effect of such questions is to establish that the defendant failed to offer any defense in the lower court—an effect that is forbidden by statute. See *Commonwealth* v. *Morrison,* 1 Mass. App. Ct. 632, 636-637 (1973). Cf. *Commonwealth* v. *Maguire,* 375 Mass. 768, 774 (1978) (question asked of one witness whose testimony was not crucial held not to constitute reversible error as "there was no basis on which the jury could reasonably infer that the defendant's failure to call [the] witness indicated a failure to offer any evidence in his defense in the lower court").

In light of our conclusion that the challenged conduct violates § 23, we need not decide the larger question whether the defendant was denied his right to a fair trial. We simply note, as we have in the past, that § 23 must be read in conjunction with art. 12 of the Declaration of Rights of the Constitution of the Commonwealth ("No subject shall be . . . compelled to accuse, or furnish evidence against himself"), and the Fifth Amendment to the Constitution of the United States, made applicable to the States by the Fourteenth Amendment ("No person shall be . . . compelled in any criminal case to be a witness against himself"). See *Commonwealth* v. *Paradiso,* 368 Mass. 205, 211 (1975). We continue to adhere to the view that the subject matter to which § 23 is addressed raises questions of constitutional magnitude. However, the precise extent of constitutional protection we leave open until it becomes necessary to decide.

2. The defendant's second contention is that the judge's instructions to the jury were erroneous in that they singled out alibi evidence for special scrutiny and placed the burden of proving alibi on the defendant. Specifically, the defendant points out that the judge read directly from *Commonwealth* v. *Webster,* 5 Cush. 295, 319 (1850), which

contains language that has since been condemned. See *Commonwealth* v. *McLeod,* 367 Mass. 500, 502 (1975); *Commonwealth* v. *Leaster,* 362 Mass. 407, 416-417 (1972), and cases cited. We need not decide whether the instructions in this case would give rise to reversible error, since we grant the defendant a new trial on other grounds. We think it wise to reiterate, however, our continuing disapproval of the *Webster* charge, or any other charge that places the burden of proving alibi on the defendant. We also take the opportunity once again to refer judges and lawyers to the model instructions set out in *Commonwealth* v. *McLeod, supra* at note 1.

*Judgment of the Superior Court reversed.*

*Verdict set aside.*