COMMONWEALTH *vs.* CURTIS GARRETT, JR. September 6, 1979. The defendant appeals (G. L. c. 278, §§ 33A-33G) from his conviction of armed robbery while masked (G. L. c. 265, § 17). The sole question before us is the effect of the judge's instructions to the jury regarding the alibi evidence introduced by the defendant. The defendant argues that the judge's characterization of alibi as a defense on three occasions improperly shifted the burden of proof as to the alibi onto the defendant. See *Commonwealth* v. *McLeod,* 367 Mass. 500, 502 (1975); *Commonwealth* v. *Cobb,* 5 Mass. App. Ct. 421, 423-424 (1977); *Commonwealth* v. *Palmarin,* 6 Mass. App. Ct. 801, 803-804 (1979), *S.C.,* 378 Mass. 474 (1979). Cf. *In re Winship,* 397 U.S. 358, 364 (1970). The judge's characterizations of alibi as a defense certainly were unwise (*Commonwealth* v. *McLeod,* 367 Mass. at 502) but this use of language does not necessarily constitute reversible error. *Commonwealth* v. *Ramey,* 368 Mass. 109, 114 (1975). Cf. *Commonwealth* v. *McInerney,* 373 Mass. 136, 150 (1977). The judge, during the alibi aspect of the charge, stated that "an alibi sometimes may be the only refuge that a person has that is innocent." This instruction does much to remedy any confusion or misapprehension of the law that may have been spawned by the judge's reference to alibi as a defense. *Commonwealth* v. *McLeod,* 367 Mass. at 502. See *Commonwealth* v. *Cobb,* 5 Mass. App. Ct. at 424; *Commonwealth* v. *Palmarin,* 6 Mass. App. Ct. at 804. Cf. *Commonwealth* v. *Courtney,* 7 Mass. App. Ct. 4, 7 (1979). When this curative instruction appears in the charge, the judge's use of disapproved lan-

guage as to alibi is not reversible error per se, and we may look to the content of the charge as a whole and to the impression that it left with the jury to determine whether the judge shifted the burden of proof onto the defendant. *Commonwealth* v. *Aronson*, 330 Mass. 453, 457 (1953). *Commonwealth* v. *Ramey*, 368 Mass. at 114. In his charge, the judge not only referred to an alibi as the "refuge of the innocent," but also instructed the jury on eight occasions that the burden rested on the Commonwealth to prove every element of its case beyond a reasonable doubt, and twice told them that the defendant was to be presumed innocent until proven guilty. See *Commonwealth* v. *Meggs*, 4 Mass. App. Ct. 773 (1976). Cf. *Commonwealth* v. *Palmarin*, 6 Mass. App. Ct. at 804; *Sullivan* v. *Scafati*, 428 F.2d 1023, 1026 (1st Cir. 1970), cert. denied, 400 U.S. 1001 (1971). Any taint in the charge by way of reference to alibi as a defense was finally erased by the judge's instruction as part of the charge on alibi that the Commonwealth must "prove[ ] beyond a reasonable doubt that the defendant was present at the time or at the place where the offense was committed . . . ." Having examined these and other aspects of the charge as a whole, we conclude that there was no reasonable danger that the three isolated references to alibi as a defense confused or misled the jury with regard to the Commonwealth's heavy burden of proof. *Commonwealth* v. *Leaster*, 362 Mass. 407, 416 (1972). *Sullivan* v. *Scafati*, 428 F.2d at 1025-1026.

*Judgment affirmed.*

William T. *Walsh, Jr.*, Assistant District Attorney, for the Commonwealth.

Alice L. *Litter*, for the defendant, submitted a brief.