COMMONWEALTH *vs.* CURTIS BERTH (and four companion cases[1]). September 14, 1981. The defendants appeal from convictions in the Superior Court of violations of G. L. c. 94C, § 32. The Commonwealth presented evidence that the defendant Berth distributed controlled and counterfeit substances with the assistance of the defendant Jones on a street corner in Boston. Berth presented an alibi; Jones neither took the stand nor called any witnesses in his own behalf.

1. Both defendants argue that the judge's charge was inadequate as to alibi. Berth did not preserve this issue for review; Jones objected to the alibi instruction. (We do not decide whether Jones has standing to claim error resulting from the charge as to alibi.) We review solely to determine whether there is a substantial risk of a miscarriage of justice. *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967). The judge erred by giving an instruction materially different from that recommended in *Commonwealth* v. *McLeod,* 367 Mass. 500, 502 n.1 (1975). *Commonwealth* v. *Bowden,* 379 Mass. 472, 480-482 (1980). *Commonwealth* v. *Cobb,* 5 Mass. App. Ct. 421, 424-425 (1977). The instruction given inadvertently misstated the burden of proof as to alibi ("You either believe one side or you believe the other side as to what took place"). We consider the charge as a whole to determine its effect on the jury. *Commonwealth* v. *Glen, ante* 317, 320 (1981). The alibi instruction was given as a supplementary instruction and, thus, was among the last words given by the judge to the jury prior to their deliberation. The effect of the language was not tempered by proper instructions as to the burden of proof as to alibi. See *Commonwealth* v. *Palmarin,* 6 Mass. App. Ct. 801, 804, *S.C.* 378 Mass. 474, 478-479 (1979). Berth and a disinterested witness testified as to the alibi. The Commonwealth presented the testimony of only one witness who could identify Berth as the alleged drug seller. On this record we are convinced that there is a substantial risk of a miscarriage of justice and that the conviction of Berth must be reversed. See *Bowden, supra* at 480-482. While reversal of Berth's conviction does not necessarily require reversal of Jones's (see *Commonwealth* v. *Sullivan,* 354 Mass. 598, 608 [1968], cert. denied, 393 U.S. 1056 [1969]), we think it would be anomalous in these circumstances not to do so. See *Commonwealth* v. *McCarthy,* 348 Mass. 7, 14-15 (1964); *Commonwealth* v. *Stasiun,* 349

---

[1] Two of the companion cases are against Otis Jones, Jr.

Mass. 38, 54 (1965). The possibility exists that had the jury been properly instructed as to alibi, and had they sustained Berth's alibi and found him not guilty on the basis of misidentification, a question would have been raised as to the accuracy of the identification of Jones. See generally, *Commonwealth* v. *Franklin,* 366 Mass. 284, 288-291 (1974).

We discuss other issues raised on appeal only in so far as relevant to retrial.

2. Control of the scope of cross-examination, as well as recross, is within the discretion of the trial judge. *Commonwealth* v. *D'Agostino,* 344 Mass. 276, 278, cert. denied, 371 U.S. 852 (1962). *Commonwealth* v. *Gordon,* 356 Mass. 598, 602 (1970). *Commonwealth* v. *Pickles,* 364 Mass. 395, 401 (1973).

3. The procedure to be followed when attempting to impeach a witness on the basis of pretrial silence was outlined in *Commonwealth* v. *Brown,* 11 Mass. App. Ct. 288, 295-297 (1981).

4. Lack of positive identification or a possible break in the chain of custody of the drugs alleged to have been sold by the defendants affects the weight rather than the admissibility of that evidence. *Commonwealth* v. *Vanetzian,* 350 Mass. 491, 496 (1966) (identification). *Commonwealth* v. *Hogg,* 365 Mass. 290, 294-295 (1974) (chain of custody). *Commonwealth* v. *Hoffer,* 375 Mass. 369, 377 (1978) (chain of custody). *Commonwealth* v. *Hogg,* 4 Mass. App. Ct. 225, 230 (1976) (identification).

*Judgments reversed.*

*Verdicts set aside.*

*Milly Whatley* for Otis Jones, Jr.

*Isaac Prager* for Curtis Berth.

*Sharon D. Meyers,* Assistant District Attorney, for the Commonwealth.