COMMONWEALTH *vs.* RONALD HOGAN.

Suffolk. March 6, 1978. — June 19, 1978.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Homicide. Practice, Criminal,* Charge to jury, Argument by prosecutor. *Evidence,* Consciousness of guilt.

Evidence at a murder trial was sufficient to warrant the denial of the defendant's motion for a directed verdict on so much of the indictment as charged murder in the second degree and manslaughter. [407]

Certain comments by a prosecutor in his closing argument were not so prejudicial to the defendant as to constitute reversible error. [407-408]

The judge at a murder trial did not err in giving a charge on self-defense where there was evidence from which the jury could conclude that the victim had come at the defendant with a knife. [408]

The judge at a murder trial did not err in giving a charge on flight as being evidence of guilt where there was evidence that the defendant left the scene within a minute of a stabbing. [408]

INDICTMENTS found and returned in the Superior Court on February 13, 1976.

The cases were tried before *Roy*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*John C. McBride* for the defendant.

*William J. Doyle*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant was convicted of murder in the second degree of John R. Forbes (Forbes) and of assault and battery by means of a dangerous weapon on Forbes's son. In his appeals he argues four grounds for reversal. We affirm the judgments.[1]

1. The defendant challenges the denial of his motion for a directed verdict on so much of the murder indictment as charged murder in the second degree and manslaughter. The trial judge allowed a motion for a directed verdict as to murder in the first degree. Forbes died of an abdominal stab wound which perforated the aorta. There was evidence which would have warranted a finding that the defendant thrust a knife into Forbes's stomach. The evidence justified findings of malice and of the other elements necessary to a conviction of murder in the second degree.

There was also evidence which would have warranted a finding that the defendant acted in the heat of passion and with adequate provocation. The question of manslaughter thus was properly submitted to the jury. Moreover, the defendant, who was convicted of murder in the second degree, has not shown that he was prejudiced by the manslaughter instruction, even if it should not have been given. See *Commonwealth* v. *Coleman*, 366 Mass. 705, 712 (1975).

2. There was no prejudicial error in the prosecutor's closing argument. The defendant's reliance on an apparent slip

---

[1] The defendant was tried with another person who was convicted of assault and battery with a dangerous weapon but was found not guilty under a murder indictment.

of the tongue, which was immediately corrected, and on a claimed ethnic reference requires no discussion. The prosecutor did argue, "I don't believe this jury is going to buy the proposition" that a particular series of events occurred. If this expression of personal belief was improper, it was not prejudicial error requiring reversal. It did not suggest that the prosecutor had any special knowledge of the defendant's guilt. Such suggestions may be so prejudicial as to require reversal, unless there is an adequate curative instruction. See *Commonwealth* v. *DeChristoforo*, 360 Mass. 531, 537-538 (1971). The prosecutor was entitled to argue, as he was doing, that the jury should not arrive at particular interpretations of the evidence. His expression of belief that the jury would not reach such conclusions, although perhaps an inappropriate choice of language, caused no prejudice to the defendant, particularly where the judge carefully instructed the jury to disregard any expression of the prosecutor's personal belief concerning the credibility of witnesses. *Commonwealth* v. *Earltop*, 372 Mass. 199 (1977). *Commonwealth* v. *Gouveia*, 371 Mass. 566, 571-572 (1976). *Commonwealth* v. *Coleman*, 366 Mass. 705, 713-714 (1975). *Commonwealth* v. *Stone*, 366 Mass. 506, 516 (1974).

3. The judge did not err in giving a charge on self-defense. He advised counsel that he would give such a charge, and no objection was raised. Defense counsel told the jury in his closing argument that "the Court will give you an instruction on self-defense. I won't go into that." The defendant cannot now complain that such an instruction should not have been given. In any event, the charge was justified by evidence from which the jury could have concluded that Forbes had come at the defendant with a knife.

4. The judge gave a charge on flight as being evidence of guilt. There was evidence that the defendant left the scene within a minute of the stabbing. The judge fairly left to the jury the question whether consciousness of guilt could be in-

ferred from the defendant's departure. See *Commonwealth
v. Haney*, 358 Mass. 304, 306 (1970).

5. We see no basis under G. L. c. 278, § 33E, for disturb-
ing the verdict on the murder indictment.

*Judgments affirmed.*