COMMONWEALTH *vs.* LUIS D. VILLALOBOS. April 13, 1979. Our task in circumstances such as the present is to ascertain "whether there is a substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967). Contrast *Commonwealth* v. *O'Brien,* 377 Mass. 772, 778-779 (1979), and cases cited. We believe that the prosecutor's closing argument, when viewed in its totality, exceeded the bounds of permissible argument. See *Commonwealth* v. *Burke,* 373 Mass. 569, 577 (1977), and cases cited. See also *Commonwealth* v. *Montecalvo,* 367 Mass. 46, 56 (1975).

The prosecutor's closing argument indicated that he had personal knowledge independent of the trial evidence (e.g., "believe me, no one in Chelsea is selling [heroin] half-price to anybody"). See S.J.C. Rule 3:22A, PF 14, 377 Mass. 927 (1979) (effective March 1, 1979). Contrast *Commonwealth* v. *Hogan,* 375 Mass. 406, 407-408 (1978). There were several instances, among the many improprieties, where the prosecutor's remarks could be read as expressing a personal opinion of the defendant's guilt (e.g., "I would guess that he supplements his income with the sale of heroin"). See *United States* v. *Gonzalez Vargas,* 558 F.2d 631, 632 (1st Cir. 1977). Compare *Commonwealth* v. *Coleman,* 366 Mass. 705, 713-714 (1975). Contrast *United States* v. *Cotter,* 425 F.2d 450, 452-453 (1st Cir. 1970). It is also apparent from the prosecutor's argument that he was vouching for the credibility of the Commonwealth's witnesses (e.g., "believe me, these police officers know full well what's going on here"), as well as expressing a personal disbelief in the credibility of the defendant (e.g., "If he could not . . ., then I'm mistaken"). See *Commonwealth* v. *DeChristoforo,* 360 Mass. 531, 546-547 & n.4 (1971), and cases cited (Tauro, C.J., dissenting). Contrast *Commonwealth* v. *Stone,* 366 Mass. 506, 516 (1974). As the defendant's defense depended heavily upon the jury's assessment of his credibility, these remarks unfairly undercut the very heart of his defense. See *Commonwealth* v. *Shelley,* 374 Mass. 466, 470-471 (1978). Contrast *Commonwealth* v. *St. Pierre,* 377 Mass. 650, 655 (1979). And, by commenting on and suggesting that inferences be drawn from matters not in evidence, the prosecutor injected into the juror's minds impermissible and unnecessarily prejudicial factors (e.g., that the police had prior knowledge of defendant's involvement in drug transactions). See *Commonwealth* v. *Shelley, supra* at 470. Also, there were several references to the corroborative effect of the putative testimony of a police officer who did not testify. Thus, when the totality of various and frequent (at least ten) improper remarks (e.g., "believe me, that's not so") in the closing argument are viewed in conjunction with the judge's failure to utter a critical instruction that closing argument is not evidence (see *Commonwealth* v. *DeChristoforo, supra* at 549 [Tauro, C.J., dissenting]; contrast *Donnelly* v. *DeChristoforo,* 416 U.S. 637, 644 [1974] [same case]; *Commonwealth* v. *St. Pierre, supra; Common-*

*wealth* v. *O'Brien, supra* at 777), we are constrained to conclude that "there is a substantial risk of a miscarriage of justice" (*Commonwealth* v. *Freeman, supra*) and that the defendant must have a new trial. See *Donnelly* v. *DeChristoforo,* 416 U.S. at 648 n.23.

In reaching the result we are mindful that recently the Chief Justice of the Supreme Judicial Court carefully reiterated the oft-stated, but infrequently followed, guidelines for closing argument. *Commonwealth* v. *Earltop,* 372 Mass. 199, 205-206 (1977) (Hennessey, C.J., concurring). See also *DeChristoforo* v. *Donnelly,* 473 F.2d 1236, 1238 & n.3 (1st Cir. 1973), rev'd, 416 U.S. 637 (1974) (but see *id.* at 648 n.23). For an extensive, but not exhaustive, list of exemplary cases on this point, see *Commonwealth* v. *Earltop, supra* at 205 n.1. In addition, we canvassed the many cases collected in *Commonwealth* v. *Edgerly,* 6 Mass. App. Ct. 241, 260 (1978). We think the present case is more nearly like *Commonwealth* v. *Burke, supra, Commonwealth* v. *Shelley, supra,* and *Commonwealth* v. *Redmond,* 370 Mass. 591 (1976), than the other cases cited therein (see e.g., *Commonwealth* v. *Nordstrom,* 364 Mass. 310, 313-316 [1973]), and thus should be treated accordingly. Contrast *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 416-424 (1978); *Commonwealth* v. *Dougan,* 377 Mass. 303, 312 (1979); *Commonwealth* v. *St. Pierre, supra; Commonwealth* v. *O'Brien, supra* at 778 ("It is long past time for prosecutors to prepare their closing arguments carefully in order to avoid the possibility of reversals of convictions because of prosecutorial error").

*Judgment reversed.*
*Verdict set aside.*

*Margaret Hayman* for the defendant.
*Dyanne Klein Polatin,* Assistant District Attorney, for the Commonwealth.