COMMONWEALTH *vs.* WILLIAM P. RYAN. December 7, 1979. The defendant appeals from convictions on two indictments charging rape of a female child under sixteen and one charging kidnapping. Our review of the transcript establishes that the defendant's assignment of error pertaining to the judge's ruling limiting defense counsel's cross-examination of the complaining witness is without merit.

We are constrained, however, to reverse and remand for a new trial, as once again (in the wake of numerous warnings, see, e.g., *Commonwealth* v. *O'Brien,* 377 Mass. 772, 778-779 [1979]), the prosecutor has exceeded the bounds of proper closing argument. See *Commonwealth* v. *Burke,* 373 Mass. 569, 576-577 (1977). Compare *United States* v. *Cotter,* 425 F.2d 450, 452-453 (1st Cir. 1970). Very recently, in *Commonwealth* v. *Grammo, ante* 447, 458 (1979), citing cautionary language in *Commonwealth* v. *Borodine,* 371 Mass. 1, 11-12 (1976), cert. denied, 429 U.S. 1049 (1977), as well as other recent cases and rules of court, we stated our "hope that well aimed volleys will replace misdirected barrages." The list of cases directed to this point is too long to list, but we do mention two exemplars. *Commonwealth* v. *Earltop,* 372 Mass. 199, 204-207 & n.1 (1977) (Hennessey, C.J., concurring), and *Commonwealth* v. *Shelley,* 374 Mass. 466, 469-473 (1978).

There still appears no other way to get the point across to those prosecutors who do not prepare their closing arguments with care. *Commonwealth* v. *Villalobos,* 7 Mass. App. Ct. 905 (1979). See *Commonwealth* v. *Earltop, supra* at 207 (Hennessey, C.J., concurring). See also *Commonwealth* v. *Haas,* 373 Mass. 545, 557 n.11 (1977).

The most egregious of the prosecutor's transgressions was that he referred to matters not in evidence. See *Commonwealth* v. *Shelley, supra* at 470. He stated that the victim "was given other shots, also, in case of or for miscarriage." He also stated that "sperm does not always occur in ejaculation," and by this remark provided an explanation for the otherwise unexplained medical evidence which indicated no traces of sperm in the victim's mouth or vagina. This purported assertion of fact went to the heart of the defense that the victim's accusation of rape was fabricated. Moreover, the prosecutor's error was compounded by the judge because after an objection by the defendant, the judge indicated that it was "proper argument."

In addition, the prosecutor made an inflammatory reference to the community's particularly negative feelings about sex crimes against minors (see *id.*); he also implied that there was comment in the press about the defendant. See *United States* v. *Cotter, supra* at 452. Compare *Commonwealth* v. *MacDonald (No. 1),* 368 Mass. 395, 402 (1975). Although the judge stopped the prosecutor in mid-sentence as he was making reference to the defendant's failure to testify in the lower

court (compare *Commonwealth* v. *Palmarin,* 378 Mass. 474, 477-478 [1979]), we believe that this aborted comment, and the others already cited, manifest a deliberate choice to sail "unnecessarily close to the wind." *Commonwealth* v. *Redmond,* 370 Mass. 591, 597 (1976). Unfortunately, in this instance, the paramount interest of the public in justice was scuttled. Cf. *Berger* v. *United States,* 295 U.S. 78, 88 (1935).

We add in closing that the Commonwealth's performance in this instance cannot be based on its right to fight fire with fire (see *Commonwealth* v. *Haas, supra* at 561, and cases cited), a concept which the Supreme Judicial Court has "given [only] modest recognition." *Commonwealth* v. *Earltop, supra* at 206 (Hennessey, C.J., concurring). Compare *Commonwealth* v. *Burnett,* 371 Mass. 13, 18-19 (1976), with *Commonwealth* v. *Smith,* 342 Mass. 180, 186 (1961). Nor do we find any comfort in the Commonwealth's argument that the judge cured any prejudice by informing the jury that closing arguments are not evidence. Compare *Commonwealth* v. *Burke, supra* at 576-577.

*Judgments reversed.*
*Verdicts set aside.*

*Hugh W. Samson* for the defendant.

*Willie I. Carpenter, Jr.,* Assistant District Attorney, for the Commonwealth.