COMMONWEALTH vs. DARCY LOWE.

Norfolk.  September 20, 1982. — February 7, 1983.

Present: BROWN, DREBEN, & KASS, JJ.

*Homicide. Practice, Criminal,* Instructions to jury, Argument by prosecutor. *Evidence,* Other offense.

At a murder trial in which certain hearsay evidence, properly admitted as part of the prosecutor's case-in-chief, fairly and adequately raised the issue whether the victim's death had been accidental, the judge erred in denying two requests for instructions to the jury which would have called their attention to the possibility of accident. [264-266]

At a murder trial, comments by the prosecutor during closing argument which appealed to the jury's sympathy and which sought to undercut the defendant's theory of accident in a manner claimed to be susceptible of interpretation as a comment on his failure to testify, were adequately treated by the judge's curative instructions, and were not so prejudicial as to require a mistrial. [266-267]

Although the judge at a murder trial might properly have excluded hearsay testimony that the defendant was a "pimp," there was no error in his admitting it, with appropriate limiting instructions, for the purpose of showing the relationship between the defendant and the victim. [268]

INDICTMENT found and returned in the Superior Court Department on October 27, 1980.

The case was tried before *Donahue, J.*

*Willie J. Davis (Mary D. Gearin* with him) for the defendant.

*Charles J. Hely,* Assistant District Attorney, for the Commonwealth.

BROWN, J.  The defendant was tried to a jury in the Superior Court.  After the allowance of his motion for a required finding of not guilty as to so much of the indictment as charged murder in the first degree, he was convicted of murder in the second degree.  On appeal, the defendant's

principal argument centers on the failure of the judge to give to the jury requested instructions relating to the defendant's claim of accident. The defendant also claims that certain excesses in the closing argument of the prosecutor were such as to require a new trial.[1]

After reviewing the entire charge, we conclude that the judge's refusal, in the circumstances of this case, to give the proffered instructions requires that the defendant be given a new trial.

We recite only those facts which are necessary to our discussion of the judge's instructions. The defendant and the victim had been, at one time, boyfriend and girlfriend, but there was testimony that the relationship had changed and that although they still were friendly they were not as close at the time of the incident as they had been.[2]

The victim died as a result of a single gunshot wound to the chest. She was intoxicated at the time of her death. A large amount of burnt gunpowder residue was found on her left hand. There was no eyewitness to the shooting, and the defendant did not take the stand.

The Commonwealth called the defendant's girlfriend, and she testified on direct examination that the defendant told her on the day of the incident that "there was an accident." The Commonwealth pressed her on that response, asking, "And that is the way you want to leave it now with the jury, that that is all he said to you, that something happened." The witness replied: "He had said that he was out and that he had run into this girl [later identified as the victim] and there was an accident." On cross-examination the defendant explored further the question of accident. The

---

[1] We summarily reject the defendant's argument that there was insufficient evidence to support a finding of malice. See and compare, *Commonwealth* v. *Rhoades*, 379 Mass. 810, 815 (1980), and cases cited. Accordingly, we conclude that the defendant's motion based on that contention was properly denied.

[2] In an unrelated context there was testimony that at about 6:30 A.M. on the morning of the incident two Quincy police officers had observed the defendant and the victim kissing while riding in the defendant's car.

Commonwealth objected to this line of cross-examination. The judge overruled the objections, noting that "[s]he has already mentioned the word accident in direct examination." Earlier in the trial, the defendant, through cross-examination of the Commonwealth's expert witnesses, adduced evidence from which it could have been inferred that the gun had been discharged by the victim.

1. The defendant requested that the judge give two instructions pertaining to accident. We set out the requested instructions in the margin.[3] Since *Lannon v. Commonwealth*, 379 Mass. 786, 790 (1980), when a claim of accident is fairly raised by the evidence, the defendant is entitled as a matter of due process, if he so requests, to an instruction that the Commonwealth bears the burden of proving beyond a reasonable doubt that the shooting was not accidental.[4] See *Commonwealth v. Zezima*, 387 Mass. 748, 756 (1982). See also *Commonwealth v. Dilone*, 385 Mass. 281, 287 (1982). As *Lannon v. Commonwealth, supra,* and *Commonwealth v. Robinson,* 382 Mass. 189, 207-208 (1981), had been decided eighteen months and six months, respectively, prior to the case at bar, "[t]here has been ample time since those cases were decided for trial judges to modify their charges on . . . evidence [of accident]." *Commonwealth v. Williams,* 378 Mass. 242, 245 (1979), quoting from *Commonwealth v. Cobb,* 5 Mass. App. Ct. 421, 425 (1977).

In deciding whether an accident instruction is supported by the evidence, all reasonable inferences must be resolved in favor of the defendant. See *Commonwealth v. Campbell,* 352 Mass. 387, 398 (1967) (incredibility of testimony does not authorize refusal of an instruction based thereon).

---

[3] "An act is 'knowingly' done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

"When a person commits an act through misfortune or by accident under circumstances that show no evil design, intention or culpable negligence, he does not thereby commit a crime."

[4] We have no occasion to discuss the circumstances in which a defendant might be entitled to such instruction in the absence of a request.

Hearsay statements of the defendant, if properly admitted, have probative value and are entitled to consideration by the jury. See *Commonwealth* v. *Houston*, 332 Mass. 687, 691 (1955). Cf. *Commonwealth* v. *Hoffer*, 375 Mass. 369, 377 (1978) ("Once sufficient evidence is presented to warrant submission of the charges to the jury, it is for the jury alone to determine what weight will be accorded to the evidence"). An instruction may not be denied merely because the evidence comes as part of the Commonwealth's case-in-chief.[5] See *Commonwealth* v. *Fluker*, 377 Mass. 123, 127 (1979).

The judge refused the defendant's requests, saying that "I am under an obligation to state what . . . the positive of the government's proof must be. I am under no obligation to state what the negative is." The judge had a "duty to state the applicable law to the jury clearly and correctly." *Commonwealth* v. *Corcione*, 364 Mass. 611, 618 (1974). See *Commonwealth* v. *Godin*, 374 Mass. 120, 130-131 (1977). Had the defendant here specifically requested a *Lannon-Robinson* instruction on accident, he would have been entitled to such an instruction. Having requested less — an instruction calling the jury's attention to accident — he was at least entitled to that. Cf. *Commonwealth* v. *White*, 5 Mass. App. Ct. 483, 488 (1977).

---

[5] Generally, in self-defense and accident cases either the defendant testifies to the facts supporting the claim (*Commonwealth* v. *Lacasse*, 365 Mass. 271 [1974]; *Commonwealth* v. *Martin*, 369 Mass. 640 [1976]; *Commonwealth* v. *Rodriguez*, 370 Mass. 684 [1976]; *Commonwealth* v. *Stokes*, 374 Mass. 583 [1978]; *Commonwealth* v. *Collins*, 374 Mass. 597 [1978]; *Connolly* v. *Commonwealth*, 377 Mass. 527 [1979]; *Lannon* v. *Commonwealth*, 379 Mass. 786 [1980]; *Commonwealth* v. *Robinson*, 382 Mass. 189 [1981]), or the prosecutor introduces in evidence statements made by the defendant concerning facts supporting the claim (*Commonwealth* v. *Houston*, 332 Mass. 687 [1955]; *Commonwealth* v. *Fluker*, 377 Mass. 123 [1979]; *Commonwealth* v. *Dilone*, 385 Mass. 281 [1982]; *Commonwealth* v. *Johnson*, 3 Mass. App. Ct. 226 [1975]), or there is eyewitness testimony raising the issue or corroborating the facts (*Commonwealth* v. *Houston, supra*; *Commonwealth* v. *Lacasse, supra*; *Commonwealth* v. *Martin, supra*; *Commonwealth* v. *Rodriguez, supra*), or the victim testifies (*Commonwealth* v. *Domaingue*, 8 Mass. App. Ct. 228 [1979]).

The defendant made a proper objection to the judge's refusal to give his requested instructions. See Mass.R.Crim.P. 24(b), 378 Mass. 895-896 (1979). Counsel also made a proper objection after the judge had concluded his charge. Contrast *Commonwealth* v. *Zaccagnini*, 383 Mass. 6, 15 (1981) (counsel "made no request for an instruction on accident . . . and did not object to the judge's failure to instruct the jury specifically on . . . [the] subject").

The present circumstances are controlled by *Commonwealth* v. *Martin*, 369 Mass. 640, 644 (1976). The issue of accident was fairly and adequately raised on the evidence. Although both counsel focused on accident in their respective closing arguments, the judge did not mention the term in his charge. Viewing the instructions in their entirety, we conclude that the error here arises because of what was left unsaid. The judge's instructions on manslaughter did not fill the gap. Contrast *Commonwealth* v. *Sellon*, 380 Mass. 220, 231-233 (1980).

2. The defendant alleges that it was error for the judge to deny his motion for a mistrial based on the prosecutor's improper closing argument. "[C]ounsel may argue inferences from the evidence which are most favorable to his or her theory of the case, as long as the inferences drawn are reasonable." *Commonwealth* v. *Blaikie*, 375 Mass. 601, 612 (1978). We think that the prosecutor's injection of sympathy was a violation of basic fairness. See *Commonwealth* v. *Burnett*, 371 Mass. 13, 18-19 (1976). See also *Commonwealth* v. *Smith*, 387 Mass. 900, 909-910 (1983). However, the judge's instructions that the jury "must find your facts from the evidence and the evidence alone" and that "the jury must view the evidence objectively and dispassionately" removed "any taint . . . from the prosecutor's closing argument. We also note that the defendant, at the close of the judge's instructions, did not renew his objections, which indicates to us that his complaints had been corrected to his satisfaction." *Commonwealth* v. *Bailey*, 12 Mass. App. Ct. 104, 108 (1981). Compare *Commonwealth* v. *Smith, supra* at 911 ("It is hardly fitting for a prosecutor to rely on curative instructions to present his case properly").

The defendant also claims that the prosecutor's use of certain rhetorical questions in his closing argument "was reasonably susceptible of being interpreted as a comment on [the defendant's] failure to take the stand." *Commonwealth* v. *Domanski,* 332 Mass. 66, 69 (1954). It cannot be gainsaid that reference to a defendant's failure to testify at trial is improper. See *Commonwealth* v. *Ferreira,* 381 Mass. 306, 315 (1980). "Counsel may attempt to assist the jury in analyzing evidence by presenting a comprehensive picture but may not draw any inference from the exercise of a constitutional right." *Commonwealth* v. *Smith,* 387 Mass. at 909. We stress again that closing argument requires careful preparation. See, e.g., *Commonwealth* v. *Haas,* 373 Mass. 545, 557 & n.11 (1977). See also *Commonwealth* v. *Ryan,* 8 Mass. App. Ct. 941 (1979). Prosecutors should not sail "unnecessarily close to the wind." *Commonwealth* v. *Redmond,* 370 Mass. 591, 597 (1976). Here the prosecutor sought to undercut the defendant's theory of accident by questioning why the defendant failed to seek medical attention for the victim, why the defendant fled the scene, and why the defendant removed the weapon. Cf. *Commonwealth* v. *Storey,* 378 Mass. 312, 323-324 (1979); *Commonwealth* v. *Smallwood,* 379 Mass. 878, 891 (1980). "[U]nless a prosecutor's comments are of such a nature that a jury would naturally and necessarily construe them to be directed to the failure of the defendant to testify, they are not prejudicially unfair." *Commonwealth* v. *Smallwood, supra* at 892, quoting from *United States* v. *Armedo-Sarmiento,* 545 F.2d 785, 793 (2d Cir. 1976), cert. denied, 430 U.S. 917 (1977). Compare *Commonwealth* v. *Mitchell,* 12 Mass. App. Ct. 354, 355-356 (1981), and cases cited. Here the commentary on the evidence was permissible. In addition, the judge instructed the jury regarding the general principle that the defendant is not required to present evidence of his innocence. For future guidance in such circumstances, see *Commonwealth* v. *Gouveia,* 371 Mass. 566, 571-572 (1976).

We need not address the other challenges to the prosecutor's closing argument, as a recurrence at retrial is unlikely. See *Commonwealth* v. *Smith,* 387 Mass. at 906-910. See generally *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 416-424 (1978).

3. As it is likely that the defendant's claim that the judge committed error in admitting hearsay testimony that he was a pimp will arise at retrial, we address that issue briefly. "Evidence of a defendant's criminal or bad conduct is ordinarily not admissible at trial." *Commonwealth* v. *Roberts,* 378 Mass. 116, 125 (1979). Relevant evidence, however, is not necessarily rendered inadmissible merely because it indicates that a defendant may have committed an offense other than that for which he is being tried. Yet there is ground for excluding such evidence if its probative value is outweighed by the danger of prejudice not correctable by the good sense of the jury. *Commonwealth* v. *Chalifoux,* 362 Mass. 811, 816 (1973). Although we think that the judge in these circumstances could properly have excluded this evidence, we cannot say that he erred in admitting the testimony. The judge reasonably could have concluded that the jury should have a view of the entire relationship between the defendant and the victim. See *Commonwealth* v. *Young,* 382 Mass. 448, 463 (1981). Furthermore, the judge properly instructed the jury on the limited purpose for which they might consider this evidence. See *Commonwealth* v. *St. Germain,* 381 Mass. 256, 270 n.25 (1980).

*Judgment reversed.*

*Verdict set aside.*