COMMONWEALTH *vs.* WILLIAM J. BARTON, JR. December 28, 1983. *Practice, Criminal*, Argument by prosecutor.

After a jury trial the defendant was convicted of second degree murder, on an indictment charging first degree murder. The defendant claimed a lack of criminal responsibility. His only argument on appeal is that unfair closing argument of the prosecutor requires a new trial. We

affirm. The defendant points to a portion of the argument, to which his counsel made timely objection, in which he says the prosecutor suggested facts not in evidence. The Commonwealth contends that the prosecutor was arguing fair inferences from the evidence favorable to his case. See *Commonwealth* v. *Nordstrom*, 364 Mass. 310, 315 (1973); *Commonwealth* v. *O'Brien*, 377 Mass. 772, 778 (1979), and cases cited. We need not reach the question since we agree with the Commonwealth that, even if the argument was improper, the trial judge's actions eliminated any possible prejudice to the defendant. At the outset of the trial the judge instructed the jury that the arguments of counsel were not evidence. Immediately after the remarks of the prosecutor to which the defendant's counsel objected, the judge directed the prosecutor to withdraw the remarks, and to state to the jury that he did not mean to suggest that there was evidence of any conversation in which the defendant participated, or of the defendant's state of mind at the time of the killing. The prosecutor complied as to the conversation, and the judge added that there was no evidence of the defendant's state of mind. The judge further told the jury that they were not to consider the prosecutor's argument as evidence of "the actual facts that you have heard." In his final charge the judge forcefully instructed the jurors that they were the fact finders, and that it was their memory of the evidence, not that of counsel as stated in closing arguments or of the judge in his charge, which controlled. Any prejudice, the possibility of which we think was slight, resulting from the remarks of the prosecutor was more than adequately cured by the actions of the judge. See *Commonwealth* v. *Borodine*, 371 Mass. 1, 9-12 (1976), cert. denied, 429 U.S. 1049 (1977); *Commonwealth* v. *Hoffer*, 375 Mass. 369, 379 (1978); *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 419 (1978); *Commonwealth* v. *Hawley*, 380 Mass. 70, 85 (1980). Furthermore, the prosecutor, in his argument, reminded the jurors that they were the fact finders, and that it was their memory of the evidence which controlled. See *Commonwealth* v. *Daigle*, 379 Mass. 541, 550 (1980). This is not a case involving inflammatory argument, see *Commonwealth* v. *Smith*, 387 Mass. 900, 910-911 (1983), or persistent improper comment. See *Commonwealth* v. *Villalobos*, 7 Mass. App. Ct. 905 (1979). Compare *Commonwealth* v. *Storey*, 378 Mass. 312, 324 (1979), cert. denied, 446 U.S. 955 (1980).

*Judgment affirmed.*

*Phillip L. Weiner*, Assistant District Attorney, for the Commonwealth.
*Joseph J. Balliro*, for the defendant, submitted a brief.