COMMONWEALTH *vs.* RONALD BROWN. September 28, 1987. *Practice, Criminal,* Severance, Argument by prosecutor, Instructions to jury. *Evidence,* Consciousness of guilt, Refusal to comply with court order.

A jury found the defendant guilty on a series of indictments charging him with breaking and entering, aggravated rape, robbery, assault and battery, and larceny. He raises three issues on appeal: (1) that it was error to deny his motion to sever brought under Mass.R.Crim.P. 9(d)(2), 378 Mass. 859 (1979); (2) that his refusal to comply with a court order to provide various exemplars should not have been admitted in evidence as he was not advised that such a refusal could be used against him at his trial; and (3) that certain comments made by the prosecutor in his closing argument require reversal. We affirm the convictions.

On March 11, 1985, someone broke into the victim's apartment and took money and jewelry belonging to her. One of the items taken was a ring set with diamonds and emeralds. Although the victim was in the apartment at the time (either in the shower or asleep), she was unaware of the theft until the next morning.

A little more than two weeks later (March 27), someone again broke into the victim's apartment. She awakened to discover a man crouched beside her bed. He gagged, blindfolded, and bound the victim. After twice

raping her, he roamed about the apartment. He went into her dressing room, returned to the bedroom, and asked the victim: "Where's that pretty little ring?" When the victim answered that it had been stolen, the man laughed. After he left, the victim went to her brother's home, two buildings away, and never returned to her apartment. Her brother removed some of her clothing for her.

On April 20, 1985, a neighbor of the victim and her brother heard a banging noise coming from the victim's former residence. As he watched from his window, he could see a man carrying a flower pot and then a picture from the building. The neighbor called the police and went outside. He saw the man was putting the various items he had taken into the trunk of a car parked down the street.

There was a confrontation and struggle. The man sped off just as the police arrived. A chase ensued, and the man was apprehended. He had numerous keys in his possession, one of which fit the door leading into the victim's apartment. The apartment had been ransacked.

The neighbor identified the defendant as the man he had seen coming and going from the building and with whom he had struggled. The victim selected the defendant's photograph (from approximately two hundred pictures) as depicting her assailant, and she made an in-court identification of him.

1. Joinder of the multiple charges was proper under Mass.R.Crim.P. 9(a)(1) and (3), 378 Mass. 859 (1979), if the offenses arose "out of a course of criminal conduct or series of criminal episodes connected together or constituting parts of a single scheme or plan." Because no one saw the defendant in the victim's apartment on March 11, 1985, he claims that the indictments concerning the events of that date should not have been tried with the charges arising out of the criminal conduct on March 27 and April 20. The defendant contends that, as the "main issue at trial was the identity" of the victim's assailant on March 27, joinder "created a 'seepage . . . of evidence not otherwise admissible' against [him]." *Commonwealth* v. *Gallison*, 383 Mass. 659, 672 (1981), quoting from *Commonwealth* v. *Beneficial Fin. Co.*, 360 Mass. 188, 221 (1971), cert. denied sub nom. *Farrell* v. *Massachusetts*, 407 U.S. 910, and *Beneficial Fin. Co.* v. *Massachusetts*, 407 U.S. 914 (1972). On the evidence which we have recited, we see no abuse of discretion in the judge's denial of the defendant's motion to sever. See *Commonwealth* v. *Gallison*, 383 Mass. at 671-672; *Commonwealth* v. *Mahar*, 21 Mass. App. Ct. 307, 316-318 (1985), and cases therein collected.

2. While the defendant was in custody in lieu of bail, the Commonwealth obtained a court order requiring the defendant to provide exemplars of his saliva, hair, and blood. Defense counsel was advised of the date and time that the Commonwealth intended to obtain the exemplars from the defendant, and he chose not to be present. An investigator from the prosecutor's office went to the defendant's place of detention, read him the court order, and showed it to him. The investigator then asked the defendant whether he

intended to comply with the order, and the defendant stated: "Man, I'm not gonna do it. I'll tell you right now, I'm not gonna do it."

Over the defendant's objection, the Commonwealth was allowed to use his statements of refusal as evidence of a consciousness of guilt. Defense counsel requested that the judge not instruct the jury on consciousness of guilt, and the judge acceded to the request on the basis that he would not interfere with a tactical or strategy decision. Cf. *Commonwealth* v. *Buiel*, 391 Mass. 744, 746-747 (1984).

The defendant maintains that, because the investigator did not advise the defendant under *Miranda* v. *Arizona*, 384 U.S. 436, 473-474 (1966), that refusal to comply could be used against him, his *statements* of refusal should not have been admitted in evidence.

This case does not involve comment upon the defendant's constitutional privilege to remain silent. Evidence that a defendant has refused to comply with a court order is admissible (see, e.g., *United States* v. *Parhms*, 424 F.2d 152 [9th Cir.], cert. denied, 400 U.S. 846 [1970]; *United States* v. *Nix*, 465 F.2d 90, 93 [5th Cir.], cert. denied, 409 U.S. 1013 [1972]; *United States* v. *Franks*, 511 F.2d 25, 36 [6th Cir. 1975]), so long as that order does not require the production of testimonial evidence. "The United States Supreme Court has consistently indicated that evidence that is 'testimonial' or 'communicative' in nature is that which reveals the subjective knowledge or thought processes of the subject." *Commonwealth* v. *Brennan*, 386 Mass. 772, 777 (1982) (breathalyzer and field sobriety test results held nontestimonial). As the exemplars here sought would not have revealed the defendant's "knowledge or thoughts concerning some fact," *id* at 778, he was afforded "no protection against compulsion." *Ibid.* Compare *United States* v. *Campbell*, 732 F.2d 1017, 1021 (1st Cir. 1984) (handwriting exemplar to be taken by dictation to determine whether the defendant could spell correctly held to be testimonial); *Commonwealth* v. *Hughes*, 380 Mass. 583, cert. denied, 449 U.S. 900 (1980) (compelled production of a gun to ascertain its existence, location, and possessor held to be testimonial). Assuming, without deciding, that it was error to allow in evidence the defendant's actual statement rather than simply the fact of his refusal, the error (if any) must be viewed as harmless, as the statement revealed nothing other than the defendant's refusal to comply.

3. The prosecutor was faithful to the limits of permissible persuasion in his forceful closing argument. See *Commonwealth* v. *Palmariello*, 392 Mass. 126, 134 (1984); *Commonwealth* v. *Kozec*, 399 Mass. 514, 521 (1987); *Commonwealth* v. *Lowe*, 15 Mass. App. Ct. 262, 267 (1983); *Commonwealth* v. *Modica*, 24 Mass. App. Ct. 334, 342 (1987). The evidence, the closing argument as a whole, and the judge's instructions to the jury show that the defendant's trial was a fair one and that his convictions are a reasonable result of the evidence against him.

*Judgments affirmed.*

*John J. Courtney* for the defendant.

*Thomas J. Mundy, Jr.*, Assistant District Attorney (*James M. McDonough*, Assistant District Attorney, with him) for the Commonwealth.